**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,** *ex rel*.
**ANTHONY BENNETT,**

              **Plaintiff/Relator,**

    **vs.**                                                                         **6:18-CV-1403**
                                                                                   **(TJM/ATB)**

**STEVEN T. MNUCHIN** *et al.*,

              **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


# DECISION & ORDER

**I.    INTRODUCTION**

This *pro se* action brought pursuant to the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq*., Dkt. No. 1, was before the Hon. Andrew T. Baxter, United States Magistrate Judge, for an initial review pursuant to 28 U.S.C. § 1915(e). After a comprehensive review of the Complaint, Magistrate Judge Baxter recommends that the *qui tam* complaint be dismissed in its entirety under 28 U.S.C. § 1915(e)(2)(B)(i-iii), and that the dismissal be with prejudice and without the opportunity to amend. Ord. & Rep.-Rec., Dkt. No. 7, at 24-25. Plaintiff/putative Relator Anthony Bennett has filed objections to Magistrate Judge Baxter's recommendations. Dkt. No. 9.

**II.    STANDARD OF REVIEW**

When objections to a magistrate judge's report and recommendation are lodged,

1

the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) (The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings). "[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009)(internal quotation marks and citation omitted). The Court reviews for clear error those portions of the report and recommendation to which no objection are lodged. *Id.*

After reviewing the report recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

### III. DISCUSSION

Having considered Plaintiff's objections and having completed a *de novo* review of the issues raised by the objections, the Court has determined to adopt Magistrate Judge Baxter's recommendations for the reasons stated in his thorough report.

### IV. CONCLUSION

Accordingly, the Court **ACCEPTS and ADOPTS** the recommendations in the Order and Report-Recommendation [Dkt. # 7] for the reasons stated therein. Therefore, it is

hereby

**ORDERED** that the *qui tam* Complaint, Dkt. No. 1, is **DISMISSED** in its entirety under 28 U.S.C. § 1915(e)(2)(B)(i-iii), and that the dismissal is with prejudice and without the opportunity to amend as to claims against various individuals who are afforded absolute immunity and on claims resting on meritless bases, as explained by Magistrate Judge Baxter, and it is further,

**ORDERED** that Plaintiff's motion "Demanding to be produced in the Judge's Chambers on the filing into Record [*sic*] in the courts Concerning Bill in equity [*sic*]," Dkt. No. 10, is **DENIED** as moot, and it further,

**ORDERED** that Plaintiff's March 13, 2019 letter asking, *inter alia*, "what is the Chancellors [*sic*] name [Plaintiff's] Bill in Equity was too given to;" "where and when will [Plaintiff] receive" a case number for the Bill of Equity and other documents he sent to the Court on February 21, 2019, *see* Dkt. No. 12; confirmation that Plaintiff's "funds are before a Chancellor in an Article III, Section 2 Court by Law," and "an in-chambers meeting so [Plaintiff] can tie up all ends pertaining to [his] Estate/trust business," is **DENIED** as seeking relief and pertaining to matters beyond the scope of the instant case.

The Clerk of the Court may close the file in this matter.

**IT IS SO ORDERED.**

Dated: **March 25, 2019**

Thomas J. McAvoy
Senior, U.S. District Judge

3